FRANK C. OLAH, CA Bar No. 247843
frank.olah@ogletree.com
CARLA S. ESPINOZA, CA Bar No. 327523
carla.espinoza@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
NEOVIA LOGISTICS SERVICES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHN DOE,

Plaintiff,

v.

NEOVIA LOGISTICS SERVICES, LLC and DOES 1 through 10, Inclusive,

Defendants.

Case No. 2:26-cv-11593

**DEFENDANT NEOVIA LOGISTICS SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of Nancy Sarmiento, Esmeralda Gonzalez, and Carla S. Espinoza in Support of Removal]

Complaint Filed: July 15, 2026
Trial Date: None
District Judge: Hon.
Courtroom
Magistrate Judge: Hon.
Courtroom

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOHN DOE AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant Neovia Logistics Services, LLC ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446. In support of such removal, Defendant states as follows:

## I. <u>The State Court Action</u>

1. On or about July 15, 2026, Plaintiff John Doe ("Plaintiff") filed an action against Neovia Logistics Services, LLC ("Defendant"), along with Does 1 through 10, in the San Bernardino Superior Court, Case Number CIVSB2621067 (the "Complaint").

2. On September 3, 2026, Plaintiff personally served Defendant with the Summons, Complaint, Civil Case Cover Sheet, Certificate of Assignment, and Notice of Trial Setting Conference and Notice of Case Assignment. Consistent with 28 U.S.C. § 1446(a), attached to this Notice as **Exhibit "A"** is a true and correct copy of the Complaint, and attached to this Notice as **Exhibit "B"** are true and correct copies of the Summons, Civil Case Cover Sheet, Certificate of Assignment, and Notice of Trial Setting Conference and Notice of Case Assignment. Exhibits A and B comprise copies of all process, pleadings, and orders served to date on Defendants. (Espinoza Decl. ¶¶ 3-4.)

3. Plaintiff's Complaint alleges the following causes of action: (1) Violation of the California Family Rights Act Government Code ("CFRA"); (2) Retaliation in Violation of CFRA; (3) Unlawful Discrimination Based Upon Medical Condition in Violation of the Fair Employment and Housing Act ("FEHA"); (4) Unlawful Discrimination Based Upon Physical Disability in Violation of FEHA; (5) Unlawful

Discrimination and Discharge Based Upon Sex and/or Gender in Violation of FEHA; (6) Wrongful Discrimination and Retaliation in Violation of Labor Code § 6310; (7) Whistleblower Retaliation in Violation of Labor Code § 1102.5, et seq.; (8) Wrongful Termination in Violation of Public Policy. (*See* Espinoza Decl., ¶ 3, Exh. A ("Complaint").)

4. On October 2, 2026, Defendant timely filed and served its Answer to Plaintiff's Complaint in San Bernardino County Superior Court. A true and correct copy of Defendant's answer is attached as **Exhibit "C"** to the Espinoza Declaration.

## II. Removal Is Timely

5. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faced file-stamped copy of complaint did not trigger removal period).

6. Pursuant to 28 U.S.C. § 1446(b), this removal is timely being filed within thirty (30) days from the date Defendant was served with the Summons and Complaint in this matter. *See also* Fed. R. Civ. P. 26.

## III. Complete Diversity Exists Between The Parties

7. This timely Notice is based on complete diversity of the parties. Plaintiff is a citizen of the State of California and Defendant is a citizen of the States of Texas and Delaware.

### A. Plaintiff Is a Citizen of the State of California

8. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain

or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

9. Although Plaintiff filed this lawsuit using a pseudonym, before initiating this lawsuit, Plaintiff's counsel served a records request and a copy of Plaintiff's Civil Rights Department Right to Sue on Defendant that included Plaintiff's name. (*See* Espinoza Decl., ¶ 6, Exh. D.) Additionally, on October 1, 2026, Plaintiff's counsel informed Defendant's counsel that Plaintiff intended to file an amended complaint including his name. In this same email exchange, Plaintiff's counsel further confirmed Plaintiff John Doe's identity to Defendant's counsel. (*See* Espinoza Decl., ¶ 7, Exh. E.)

10. At all relevant times, including the date the state court action was filed and the date of this removal, Plaintiff was, and still is, a resident and citizen of the State of California. Plaintiff worked for Defendant Neovia Logistics Services, LLC from approximately September 24, 2014 through August 10, 2024. (*See* Declaration of Esmeralda Gonzalez ("Gonzalez Decl.") at ¶ 5.) Throughout his employment with Defendant, all of Plaintiff's job duties were performed within the State of California. (*Id.* at ¶ 6.) Furthermore, Plaintiff maintained a residential address in the State of California during the entirety of his employment. (*Id.* at ¶ 8.) Further, Plaintiff alleges that he "resides in San Bernardino, County, in the State of California" (*See* Complaint at ¶ 5; *see also Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009) (current residence and place of employment are evidence of the intention to remain); *see also Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his last residence at the time a suit was filed).) Therefore, according to Plaintiff's own allegations and Defendant's business records, Plaintiff is a resident, domiciliary and citizen of California.

**B. <u>Defendant Neovia Logistics Services, LLC Is Not a California Citizen</u>**

11. For diversity purposes, the citizenship of a limited liability company (LLC) is the citizenship of its members, as is the citizenship of a partnership. *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company … is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

12. Defendant Neovia Logistics Services, LLC, is a limited liability company that is headquartered and has its principal place of business in Dallas, Texas. (Declaration of Nancy Sarmiento ("Sarmiento Decl."), ¶ 3.) The sole owner of Neovia Logistics Services, LLC is Neovia Logistics, LP, a limited partnership formed and existing under the laws of the state of Delaware, which also maintains its headquarters and principal place of business in Dallas, Texas. (*Id*. at ¶ 4.) Neovia Logistics, LP is solely owned by Neovia Acquisition, LLC, a limited liability company formed and existing under the laws of the state of Delaware, which also maintains its headquarters and principal place of business in Dallas, Texas. (*Id.*) Therefore, Defendant Neovia Logistics Services, LLC is a citizen of both Delaware and Texas.

13. As of July 15, 2026 (the date Plaintiff filed his Complaint), and as of October 5, 2026 (the date of removal), there are no partners in the partnership(s) or members in the LLCs that are organized under the laws of the state of California or that are citizens of the state of California. (*Id.*)

**C. <u>The Citizenship of "Doe Defendants" Must be Disregarded</u>**

14. The Complaint names "Does 1 through 10" as defendants in this lawsuit. In a removal, this designation may be ignored under 28 U.S.C. § 1441(b)(1): "In determining whether a civil action is removable on the basis of the jurisdiction under

section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

15. As such, Plaintiff is completely diverse from Defendant.

## IV. THE JURISDICTIONAL MINIMUM IS SATISFIED

16. The Court may rely on the Notice of Removal to establish the amount in controversy. 28 U.S.C. § 1446 (c)(2)(A)-(B).

17. A removing party only needs to estimate and allege the amount in controversy; there is no requirement that the removing party submit evidentiary submissions to support that estimate. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (holding that, in diversity removals, a removing party needs only to "estimate of the total amount in dispute" that "need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements"); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021) citing *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions.").

18. The Court may also, for removal purposes, look to the pleadings for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advert Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

19. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining

whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980-81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, No. C 02-1504 MHP, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699, at *4 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

20. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth in this Notice and more specifically described below. Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories.

21. Plaintiff seeks to recover damages, including general damages for "severe emotional distress, mental and physical pain and anguish," and lost income and benefits. (Complaint at ¶¶ 20, 26, 33, 40, 46, 52, 58, 66.) Plaintiff also seeks front and back pay, punitive damages, attorneys' fees, the costs of suit incurred, and for other such relief as the Court may deem just and proper. (Prayer for Relief at ¶¶ 1-7.)

22. Based on the allegations in the Complaint, Defendant's conservative, good faith estimate of the value of this action if Plaintiff prevails and recovers the damages that he seeks is well in excess of $75,000. Specifically, Defendant estimates the amount in controversy as follows:

**A. Lost Earnings**

23. The Court may consider lost earnings in determining the amount in controversy. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000). Plaintiff alleges he was wrongfully terminated on February 8, 2023. According to Defendant's records, at the time of Plaintiff's termination, he was categorized as a non-exempt, hourly employee earning $24.47 per hour, which equates to $978.80 weekly. (Gonzalez Decl. at ¶ 8.)

24. Plaintiff's employment concluded on August 10, 2024. (*Id.* at ¶ 6.) Based on Plaintiff's earnings of at least $978.80 per week, Plaintiff's lost earnings from his alleged wrongful termination on August 10, 2024 to the date of filing this removal currently totals $109,625.60 ($978.80 x 112 weeks). This, along with alleged benefits, would satisfy the requirement for removal purposes.

25. Plaintiff commenced this action on July 15, 2026. Further, based on the most recent Judicial Caseload Profile obtained from the United States District Courts' website,

(https://www.uscourts.gov/data-news/data-tables/2026/03/31/federal-court-management-statistics/n-a-1),

the median time for filing to trial in a civil matter in this District is 28 months. (*See* Request for Judicial Notice, Ex. F.) This evidence indicates that, in this District, and based on the date that Plaintiff commenced (but did not serve) this action (July 15, 2026) rather than the date of this removal (October 5, 2026), the reasonable expectation is that the trial in this case will not occur until the beginning of November 2028, at the earliest (28 months from the July 15, 2026 complaint filing date, not considering the October 5, 2026 date of Neovia Logistics Services, LLC's timely and proper removal). Accordingly, by the time this case is resolved at trial in November 2028 based on the reported average time it takes for cases in this District to advance through trial in this District, Plaintiff would likely seek at least another 108 weeks of

back pay alone, which results in additional damages in the amount of $105,710.40 ($978.80 per week x 108 weeks).

**B. <u>Emotional Distress Damages</u>**

26. Plaintiff has pled damages for emotional distress. (*See* Complaint at ¶¶ 29, 42, 52, 64, 74, 83, 92, 100, 107, and Prayer for Relief at ¶ 2.) Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002).

27. Plaintiff's claim for emotional distress damages, alone, establishes the $75,000 minimum required to establish diversity jurisdiction. For example, in *Simmons*, the Court relied on the defendant's citation to an employment discrimination case with similar, but not precisely analogous, facts in which the jury awarded $3,500,000 for pain and suffering. *See Simmons v. PCR Tech.*, 209 F.Supp.2d at 1034.

28. Emotional distress damages awards in single-plaintiff wrongful termination actions often exceed $75,000. *See, e.g., Betson v. Rite Aid Corp.*, 2011 WL 3606913 (Super. Ct. L.A. County) (awarding $500,000 for pain and suffering to employee in a wrongful termination action); *Vaughn v. CNA Casualty of Calif.*, 2008 WL 4056256 (C.D. Cal. 2008) (awarding $300,000 in past and future non-economic loss to employee in a wrongful termination case); *Ismen v. Beverly Hospital*, 2008 WL 4056258 (Super. Ct. L.A. County) (jury awarded $113,000 to employee for emotional stress in a wrongful termination case); *Iwekaogwu v. City of Los Angeles*, 75 Cal.App.4th 803 (1999) (upholding $450,000 emotional distress award in a single-plaintiff employment discrimination case); *Anderson v. American Airlines*, 352 Fed.Appx.182, 183 (9th Cir. 2009) (upholding award of emotional distress damages for $1,000,000 in single-plaintiff employment discrimination/wrongful termination case); *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (pain and suffering award of $250,000 in discrimination and harassment case); *Pinter-Brown v. The Regents of the University of California*, 2018 WL 1059156, (L.A. County Sup. Ct.) (awarding plaintiff $7,000,000 in damages for past noneconomic damages and

$3,000,000 for future noneconomic damages in gender discrimination case; *Torres v. B.E. Aerospace, Inc.*, 2016 WL 3552983 (L.A. County Sup. Ct.) (awarding plaintiff $1,441,000 in pain and suffering damages for age and gender discrimination); *Rael v. Sybron Dental Specialties, Inc.*, 2018 WL 3470767 (L.A. County Sup. Ct.) (awarding plaintiff $3,084,511 in pain and suffering damages in age and gender discrimination, harassment, and retaliation lawsuit).

29. In cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the exact dollar amount of such damages is not estimated by the removing party. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031-1035 (N.D. Cal. 2002) (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, and attorneys' fees anticipated to accrue through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a lengthy list of compensatory damages including emotional distress, etc. combined with a claim for attorneys' fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal).

30. Thus, the amount in controversy, when considering the potential amount of all damages sought by Plaintiff, exceeds **$75,000**.

### C. Attorney's Fees

31. Plaintiff also seeks to recover attorneys' fees. (*See* Complaint at ¶¶ 22, 28, 35, 42, 48, 54, 60, 68, and Prayer for Relief at ¶ 4.) Attorneys' fees may therefore be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

32. The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002).

33. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons*, 209 F.Supp.2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.").

34. Adding the potential recovery of attorneys' fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000. *Lucett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction).

35. Even a conservative estimate of attorney's fees, when viewed in combination with alleged compensatory, punitive and emotional distress damages, would present an amount in controversy that exceeds the jurisdictional minimum. *See, e.g., Lefkir v. Rancho Los Amigos/County of Los Angeles* (BC412351) 10-JV_1877 (2010) (court awards plaintiff's attorney's fees in the amount of $171,917.50); *Martin v. Arrow Electronics, Inc.*, U.S.D.C. Central District of California Case No. 04-1134 ($473,554); *Peacock v. Quest Diagnostics*, U.S.D.C Central Dist. of California No.

09-09206 ($599,000); *Vo v. Valley Dodge Inc.*, L.A. Superior Court No. BC388059 ($402,000).

36. Accordingly, it is reasonable to anticipate that Plaintiff's attorneys' fees will be at least **$75,000**.

37. In sum, and as shown in the chart below, the total amount in controversy, *excluding* punitive damages and , is at least **$365,536.00.**

| Type of Damages | Amount in Controversy |
|---|---|
| Lost Earnings | > $215,536.00 |
| Emotional Distress | > $75,000.00 |
| Attorneys' Fees | > $75,000.00 |
| **Total:** | **> $365,536.00** |

**D. Punitive Damages.**

38. Plaintiff has pled for the recovery of punitive damages. (*See* Complaint, ¶¶ 21, 27, 34, 41, 65, 67, and Prayer for Relief ¶ 5.)

39. The potential for a punitive damages award alone against Defendant satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under *Civil Code* section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see also Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

40. Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages. *Id*. These included punitive damage awards in the amount of $60,000. *Prasad v. University of Cal. Davis Med. Ctr.,* JVR No. 802857; $121,000,000; *Carrol v. Interstate Brands Corp.*, *et al*., Cal. Super. Ct. for the County of San Francisco Case No. 995728, 1 C.E.L.M. 68 (Sept. 2000); and $40,000,000; *Lane v. Hughes Aircraft Co.,* JVR No. 801112. *Id*. As in *Simmons*, Plaintiff is claiming discrimination under California law. The same jury verdicts that supported a finding of the requisite amount in controversy in *Simmons* support such a finding in this case.

41. Jury verdicts in similar cases (*i.e.* lawsuits in which the plaintiff alleges retaliation and wrongful termination, etc.) further support that the amount in controversy exceeds $75,000. In *Ortega v. Carson Wild Wings LLC*, JVR No. 2004090009 (February 11, 2020), a Los Angeles County Superior Court jury awarded a plaintiff $100,000 in punitive damages for a wrongful termination and retaliation matter. In *Quemada v. Cordoba Corporation*, JVR No. 2004230004 (December 6, 2019), a Los Angeles County Superior Court jury awarded a plaintiff $1.5 million in punitive damages where the plaintiff alleged wrongful termination. *See also Romero v. Leon Max, Inc.*, 2009 WL 5258439 (awarding the plaintiff $50,000 in punitive damages, where plaintiff claimed she had been wrongfully terminated); *Amigon v. Cobe Color Cosmetics*, 2009 WL 7497138 (jury awarding a plaintiff $52,000 in punitive damages in a case where the plaintiff alleged discrimination, retaliation, and wrongful termination); *Martinez v. Rite Aid, et. al.* (BC401746) 10-JV-2044 (October 5, 2010) (awarding $4,800,000 in punitive damages to a plaintiff whose primary

causes of action included wrongful termination). Other wrongful termination claims have similarly yielded large punitive damages awards. *See e.g., Lee v. TRW Inc.*, U.S.D.C. Central Dist. of California Case No. 04-1134 (wrongful termination case resulted in 1.2 million in punitive damages); *Ismen v. Beverly Hosp.*, L.A. Superior Court No. BC366198 (discrimination case resulted in $1,180,164 in punitive damages).

42. Based on these jury awards, it is more likely than not that Plaintiff has put at least $75,000 in controversy for Plaintiff's punitive damages, either alone or in combination with Plaintiff's other claims.

**V. VENUE IS PROPER**

43. In accordance with United States Code, Title 28, Section 1441(a), this Notice of Removal is filed in the district court of the United States in which the action is pending. The Superior Court of California, County of San Bernardino is located within the Central District of California. 28 U.S.C. § 84(c)(1). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**VI. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446**

44. In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied by **Exhibits "A"** and "**B**" and **"C"** which includes copies of all process, pleadings, and orders served upon Defendant.

45. As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after the Summons and Complaint was deemed served on Defendant. *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (6th Cir. 2002).

46. In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, San Bernardino County.

## VII. Conclusion

47. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

48. Accordingly, Defendant removes the above-entitled action to this Court. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant removes this action to this Court.

DATED: October 5, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Carla S. Espinoza
Frank C. Olah
Carla S. Espinoza

Attorneys for Defendant
NEOVIA LOGISTICS SERVICES, LLC

# EXHIBIT A

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
7/15/2026 2:42 PM
By: Gabrielle Rivera, DEPUTY

PRATA & DALEY LLP
Robert J. Prata (Bar No. 162600)
rprata@pratadaley.com
John F. Morning (Bar No. 185246)
jmorning@pratadaley.com
515 South Figueroa Street, Suite 1515
Los Angeles, California 90071
Telephone: (213) 622-5600
Facsimile: (213) 622-5623

Attorneys for Plaintiff
JOHN DOE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>NEOVIA LOGISTICS SERVICES, LLC and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: CIVSB2621067<br><br>COMPLAINT FOR DAMAGES:<br><br>1. Violation of the California Family Rights Act Government Code<br>2. Retaliation in Violation of CFRA.<br>3. Unlawful Discrimination Based Upon Medical Condition in Violation of the Fair Employment and Housing Act,.<br>4. Unlawful Discrimination Based Upon Physical Disability in Violation of FEHA<br>5. Unlawful Discrimination and Discharge Based Upon Sex and/or Gender in Violation of FEHA<br>6. Wrongful Discrimination and Retaliation in Violation of Labor Code § 6310<br>7. Whistleblower Retaliation in Violation of Labor Code § 1102.5, et seq.<br>8. Wrongful Termination in Violation of Public Policy |

Plaintiff, JOHN DOE alleges as follows:

**THE PARTIES**

1. Plaintiff JOHN DOE (herein "Plaintiff") is an individual residing in the County of San Bernardino in the State of California and uses the fictious name due to the harm,

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

damages and retaliation alleged herein and the potential further retaliation that could occur.

2. Plaintiff is informed and believes and, on that basis, alleges that Defendant NEOVIA LOGISTICS SERVICES, LLC (herein "NLS") is and, at all relevant times, was a corporation doing business in California with its principal place of business in Texas, and that it is an employer subject to suit under the California Family Rights Act (CFRA) (Gov. Code, § 12945 et seq.) and the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12940 et seq.).

3. The true names and capacities of fictitious named Defendants, sued as DOES 1 through 10, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants is responsible in some manner for the wrongful conduct referenced herein, and legally responsible for Plaintiff's injuries and damages. Plaintiff will amend this complaint to allege such Defendant's true names and capacities when ascertained.

4. Plaintiff is informed and believes and thereon alleges that the named Defendants, DOES 1 through 10, and each of them, are, and at all relevant times were, the alter ego, agent, servant, employee, representative, successor, predecessor, joint venturer, and/or partner of each other, and in doing the things herein alleged, each of the co-Defendants were acting within the scope of authority conferred upon such parties by the consent, approval, and/or ratification of each of the other co-Defendants and DOES 1 through 10 whether such authority was actual or apparent. As such, each of the Defendants may be held liable, either directly or secondarily, for the acts, errors, and omissions, of each of the other co-Defendants.

5. Jurisdiction is proper in this Court because all causes of actions herein occurred within the County of San Bernardino. NLS operates in Ontario, County of San Bernardino County in the State of California and Plaintiff resides in San Bernardino, County, in the State of California.

6. Venue is proper in this Court under California Code of Civil Procedure § 395 and § 395.5 because the injuries to Plaintiff occurred, and are occurring, in San Bernardino County, in the State of California, and the liabilities to which Defendants are subject arise in the County of San Bernardino.

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

## GENERAL ALLEGATIONS

7. Plaintiff began working for NLS as a temporary employee in or about 2008. Plaintiff was such a good worker for NLS, that NLS hired Plaintiff as a full-time employee in or about August 2014 in the NLS facility in Irwindale California. NLS moved its location to Ontario and hence, Plaintiff's work was moved to that location. Plaintiff's work effort continued to impress NLS and so Plaintiff was elevated to the position of "leadman." Plaintiff continued to be a dedicated and hard-working employee of NLS. His job duties included lifting heavy dock plates during an eight to ten hour a day shift and supervising other employees.

8. On February 19, 2024, Plaintiff suffered a work related back injury and was rushed to the hospital. Plaintiff needed medical care and treatment. Due to his injury, Plaintiff needed an MRI for his back injury.

9. Plaintiff requested CFRA leave, however, NLS denied his request. Due to denying his leave, Plaintiff had to take unpaid days off to recover from his injury.

10. When he returned to work, Plaintiff was unable to do certain tasks and asked for work related accommodations. NLS refused to provide any accommodation to Plaintiff. Plaintiff raised a complaint to his supervisor that he was unable to lift certain items and was working with a pinched nerve in his back. However, NLS did nothing to help Plaintiff and instead made him carryout his full daily job tasks.

11. In or about February 2024, Plaintiff complained to his supervisor and to his manager about his back injury and his inability to lift certain items. He raised a complaint that if he continued being forced to work he would suffer further harm. However, NLS did nothing to accommodate Plaintiff for his back injury and instead continued to make Plaintiff work through the pain and injury.

12. In or about February 2024, Plaintiff raised a further complaint that Plaintiff's manager was violating NLS's employer's policy which prohibits a male supervisor from being in a trailer with a female associate. After he raised his complaint, Plaintiff's manager began to retaliate against Plaintiff by making him do more work than he was previously doing. Plaintiff's manager started to criticize his work and micro-manage Plaintiff.

13. Plaintiff also complained to Human Resources ("HR") about his manager's mistreatment of him and that his manager was violating company policy by being in the trailers with another female employee. Plaintiff has carried out his duties with hard work and determination for over nine years at NLS. Prior to this incident, Plaintiff had never received any adverse treatment or complaints about his work.

14. Plaintiff also complained to HR that the female employees were getting special treatment from the supervisors. After making these complaints, Plaintiff was subjected to further retaliatory conduct by NLS.

15. On August 10, 2024, after complaining to HR and his supervisor about the aforementioned incidents, Plaintiff was terminated from his employment at NLS.

16. Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") setting forth labor and employment violations against NLS. On August 5, 2025, DFEH issued to Plaintiff a right-to-sue letter as to NLS.

**FIRST CAUSE OF ACTION**

**Violation of the California Family Rights Act, Government Code § 12945, *et seq.***

**(Against All Defendants and Does 1-10)**

17. Plaintiff incorporates by reference, as though fully set forth at length, paragraphs 1 through 16, inclusive, of this Complaint.

18. At all relevant times, the CFRA was in full force and effect and was binding upon Defendants. Under this statute, an employer is prohibited from interfering with an eligible employee's right to take medical leave for an injury. Additionally, the CFRA prohibits an employer from retaliating against an employee for exercising their right to take such leave.

19. Defendants interfered with Plaintiff's right to take medical leave for an injury he suffered at work by denying a CFRA leave as Plaintiff is an eligible employee and then terminated him for taking medical leave. Defendants engaged in improper conduct in the workplace by interfering with Plaintiff's right to take medical leave under the CFRA.

20. As a proximate result of Defendants' willful, knowing and intentional interference and discrimination, Plaintiff has suffered and continues to suffer loss of earnings,

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

serious health problems, humiliation, severe emotional distress, mental and physical pain and anguish, all to his damage in an amount according to proof.

21. Based on Defendants' willful, knowing, and intentional interference and discrimination against Plaintiff, he seeks an award of other damages recoverable under CFRA and FEHA, including punitive damages, in an amount according to proof, and an injunction to prohibit further illegal acts of interference by Defendants, and each of them, against present and future employees and applicants.

22. Based on Defendants' improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees in an amount according to proof.

## SECOND CAUSE OF ACTION

### Retaliation In Violation of CFRA, Government Code § 11094, *et seq.*

### (Against All Defendants)

23. Plaintiff incorporates by reference, as though fully set forth at length, paragraphs 1 through 16, inclusive, of this Complaint.

24. California prohibits retaliation in the workplace. Both CRFA and FEHA as well as other state schemes protect workers from retaliation. After Plaintiff suffered an injury while working for Defendants and had to seek medical treatment and medical leave for his injuries, Defendants refused to grant CFRA leave.

25. In response to Plaintiff requesting CFRA leave to recover from his back injury, Defendant retaliated against Plaintiff by bullying and harassing him. Defendants further retaliated against Plaintiff by terminating Plaintiff for raising complaints about Defendants not granting CFRA leave for his injury. The conduct of Defendants constitutes unlawful retaliation in violation of the CFRA.

26. As a proximate result of Defendants' willful, knowing and intentional retaliation, Plaintiff has suffered and continues to suffer loss of earnings, humiliation, severe emotional distress and mental and physical pain and anguish, all to his damages in an amount according to proof.

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

27. Based on Defendants' willful, knowing, and intentional interference and retaliation against Plaintiff, he seeks an award of other damages recoverable under CFRA and FEHA, including punitive damages, in an amount according to proof, and an injunction to prohibit further illegal acts of interference by Defendants, and each of them, against present and future employees and applicants.

28. Based on Defendants' improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees in an amount according to proof.

**THIRD CAUSE OF ACTION**

**Unlawful Discrimination Based Upon Medical Condition in Violation of the Fair Employment and Housing Act, Government Code § 12940, *et seq.***

**(Against All Defendants)**

29. Plaintiff incorporates by reference, as though fully set forth at length, paragraphs 1 through 16, of this Complaint.

30. At all times herein mentioned, FEHA, Cal. Government Code § 12940 *et seq.*, was in full force and effect and fully binding upon Defendants. At all relevant times, Plaintiff was a member of a group protected by Government Code § 12940(a) in that he suffered from a medical condition, i.e., back injury that occurred at work.

31. During the course of his employment with Defendants, Plaintiff was subjected to discrimination and retaliation due to his medical condition. In addition, NLS ultimately terminated Plaintiff's employment and subsequently interfered with his ability to receive post-termination health and unemployment insurance benefits.

32. Defendants' conduct towards Plaintiff constituted disparate treatment in violation of FEHA because of Plaintiff's medical condition.

33. As a proximate result of Defendants' willful, knowing and intentional retaliation, Plaintiff has suffered and continues to suffer loss of earnings, humiliation, severe emotional distress and mental and physical pain and anguish, all to his damages in an amount according to proof.

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

34. Based on Defendants' willful, knowing, and intentional interference and retaliation against Plaintiff, he seeks an award of other damages recoverable under the CFRA and FEHA, including punitive damages, in an amount according to proof, and an injunction to prohibit further illegal acts of interference by Defendants, and each of them, against present and future employees and applicants.

35. Based on Defendants' improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees in an amount according to proof.

**FOURTH CAUSE OF ACTION**

**Unlawful Discrimination Based Upon Physical Disability in Violation of FEHA**

**(Against All Defendants)**

36. Plaintiff incorporates by reference, as though fully set forth at length, paragraphs 1 through 16, of this Complaint.

37. At all times herein mentioned, FEHA, Cal. Government Code § 12940 *et seq.*, was in full force and effect and fully binding upon Defendants. At all relevant times, Plaintiff was a member of a group protected by Government Code § 12940(a) in that he suffered from a medical condition, i.e., back injury that occurred at work.

38. During the course of his employment with Defendants, Plaintiff was subjected to discrimination and retaliation because of his medical condition. In addition, NLS ultimately terminated Plaintiff's employment and subsequently interfered with his ability to receive post-termination health and unemployment insurance benefits.

39. Defendants' conduct towards Plaintiff constituted disparate treatment in violation of FEHA because of Plaintiff's medical physical disability.

40. As a proximate result of Defendants' willful, knowing and intentional retaliation, Plaintiff has suffered and continues to suffer loss of earnings, humiliation, severe emotional distress and mental and physical pain and anguish, all to his damages in an amount according to proof.

///

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

41. Based on Defendants' willful, knowing, and intentional interference and retaliation against Plaintiff, he seeks an award of other damages recoverable under the CFRA and FEHA, including punitive damages, in an amount according to proof, and an injunction to prohibit further illegal acts of interference by Defendants, and each of them, against present and future employees and applicants.

42. Based on Defendants' improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees in an amount according to proof.

**FIFTH CAUSE OF ACTION**

**Unlawful Discrimination and Discharge Based Upon Sex and/or Gender in Violation of FEHA**

43. Plaintiff incorporates by reference, as though fully set forth at length, paragraphs 1 through 16, of this Complaint.

44. During the course of his employment with Defendants, Plaintiff was subjected to discrimination which was caused, at least in part, by Plaintiff's sex and gender.

45. Plaintiff raised complaints to HR that the female associates received special treatment. In response to those complaints, Defendants continued to engage in retaliation and ultimately terminated Plaintiff's employment.

46. As a proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and continues to suffer loss of earnings, serious health problems, humiliation, severe emotional distress, mental and physical pain and anguish, all to his damage in an amount to according to proof.

47. Based on Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff seeks an award of all other damages recoverable under FEHA in an amount according to proof, and an injunction to prohibit further illegal acts of interference by Defendants, and each of them, against present and future employees and applicants.

///

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

48. Based on Defendants' improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees in an amount according to proof.

**SIXTH CAUSE OF ACTION**

**Wrongful Discrimination and Retaliation in Violation of Labor Code § 6310**

(Against Defendants and Does 1 through 10)

49. Plaintiff incorporates by reference, as though fully set forth at length, paragraphs 1 through 16, of this Complaint.

50. At all relevant times, California Labor Code § 6310 was in full force and effect and binding upon Defendants. That section bars an employer from discriminating or retaliating against or discharging an employee because of the employee having made a bona fide complaint to the employer concerning violations of employer's policy, among other things.

51. As described above, Plaintiff complained to NLS regarding his back injury and being forced to work. Plaintiff complained to the HR department that his supervisor was violating the employer's policy which prohibits a male supervisor from being in a trailer with a female associate. In addition, Plaintiff complained to HR of the disparate treatment between genders. Subsequently, Plaintiff's supervisor required him to do more work and micro-managed him. Plaintiff complained to HR of this treatment and Defendants ultimately terminated Plaintiff's employment.

52. As a proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and continues to suffer loss of earnings, serious health problems, humiliation, severe emotional distress, mental and physical pain and anguish, all to his damage in an amount according to proof.

53. Based on Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff seeks an award of all other damages recoverable under Labor Code § 6310 in an amount according to proof, and an injunction to prohibit further illegal acts of interference by Defendants, and each of them, against present and future employees and applicants.

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

54. Based on Defendants' improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees in an amount according to proof.

**SEVENTH CAUSE OF ACTION**

**Whistleblower Retaliation in Violation of Labor Code § 1102.5, et seq.**

**(Against Defendants and Does 1 through 10)**

55. Plaintiff incorporates by reference, as though fully set forth at length, paragraphs 1 through 16, inclusive, of this Complaint.

56. At all relevant times, California Labor Code § 1102.5 was in full force and effect and binding upon Defendants. That section bars an employer from retaliating against an employee "for disclosing information…to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance,…if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with local state or federal rule or regulation regarding of whether disclosing the information is part of the employee's job duties."

57. As described above, Plaintiff raised complaints to the HR department about his mistreatment, lack of accommodations due to his medical injury and workplace violations.

58. As a proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and continues to suffer loss of earnings, humiliation, sever emotional distress and mental and physical pain and anguish, all to his damage in amount according to proof.

59. Based on Defendants' willful knowing, and intentional retaliation against Plaintiff, Plaintiff seeks awards of all other damages recoverable under Labor Code § 1102.5 in an amount to according to proof, and an injunction to prohibit further illegal acts of interference by Defendants, and each of them, against present and future employees and applicants.

///

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

60. Based on Defendants' improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees in an amount according to proof.

**EIGHTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy)**

**(Against All Defendants)**

61. Plaintiff incorporates by reference, as though fully set forth at length, paragraphs 1 through 16 of this Complaint.

62. The above-described conduct of Defendants constitutes discrimination, retaliation and wrongful termination of Plaintiff in violation of public policy embodied in CFRA and FEHA.

63. In addition, the above-described conduct of Defendants constitutes wrongful termination of Plaintiff in violation of public policy embodied in Labor Code § 6310 and 1102.5. Defendants' conduct towards Plaintiff constituted disparate treatment in violation of public policy.

64. Defendants subjected Plaintiff to working conditions that violated public policy in that his supervisors discriminated, bullied and retaliated against Plaintiff, assigned him more strenuous work than he had before creating more strain on his back injury and ultimately terminated Plaintiff's employment.

65. Based on Defendants' willful, knowing, and intentional interference and wrongful termination against Plaintiff, he seeks an award of other damages recoverable under the CFRA, FEHA, and the Labor Code including punitive damages, in an amount according to proof, and an injunction to prohibit further illegal acts of interference by Defendants, and each of them, against present and future employees and applicants.

66. As a proximate result of Defendants' willful, knowing and intentional retaliation and termination Plaintiff has suffered and continues to suffer loss of earnings, financial stress, humiliation, severe emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof.

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

67. Based on Defendants' willful, knowing, and intentional interference and retaliation against Plaintiff, he seeks an award of other damages recoverable under the CFRA and FEHA, including punitive damages, in an amount according to proof, and an injunction to prohibit further illegal acts of interference by Defendants, and each of them, against present and future employees and applicants.

68. Based on Defendants' improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as follows:

1. General damages, in an amount according to proof;
2. Medical and related expenses, past and future, in an amount according to proof;
3. Damages for other pecuniary losses, in amount(s) according to proof;
4. Attorney fees as permitted by law or statute;
5. Punitive Damages;
6. For costs of suit incurred herein; and
7. For such other and further relief as the Court deems just and proper.

DATED: July 15, 2026

PRATA & DALEY LLP

By */s/ Robert J. Prata*
Robert J. Prata
Attorneys for Plaintiff
JOHN DOE

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** NEOVIA LOGISTICS SERVICES, LLC and
***(AVISO AL DEMANDADO):*** DOES 1 through 10, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JOHN DOE,
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
7/20/2026
By: Gabrielle Rivera, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Bernardino
247 West Third Street
San Bernardino, California 92415-0210

CASE NUMBER:
*(Número del Caso):*
CIVSB2621067

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Robert J. Prata (Bar No. 162600)
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PRATA & DALEY LLP
515 South Figueroa Street, Suite 1515, Los Angeles, California 90071 213-622-5600

DATE: *(Fecha)* 7/20/2026 Clerk, by *(Secretario)* /s/ Gabrielle Rivera, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NEOVIA LOGISTICS SERVICES, LLC

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☒ other *(specify):* Limited Liability Company

4. ☐ by personal delivery on *(date):*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER:<br>NAME: Robert J. Prata (Bar No. 162600)<br>FIRM NAME: PRATA & DALEY LLP<br>STREET ADDRESS: 515 South Figueroa Street, Suite 1515<br>CITY: Los Angeles STATE: CA ZIP CODE: 90071<br>TELEPHONE NO.: 213-622-5600 FAX NO.: 213-622-5623<br>EMAIL ADDRESS: rprata@pratadaley.com<br>ATTORNEY FOR (name): Plaintiff, JOHN DOE | ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>7/15/2026 2:42 PM<br>By: Gabrielle Rivera, DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO<br>STREET ADDRESS: 247 West Third Street<br>MAILING ADDRESS: 247 West Third Street<br>CITY AND ZIP CODE: San Bernardino, 92415-0210<br>BRANCH NAME: San Bernardino District - Civil Division | |
| CASE NAME: JOHN DOE v. NEOVIA LOGISTICS SERVICES, LLC and DOES 1 through 10, Inclusive, | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVSB2621067 |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Song-Beverly Act: Motor Vehicle Lemon Law (49)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:
a. ☒ monetary
b. ☐ nonmonetary; declaratory or injunctive relief
c. ☒ punitive

4. Number of causes of action *(specify)*: 1) Viol. of CFRA; 2) Retaliation; 3) Unlawful Discrimination re Medical Condition; 4) Unlawful Discrimination re Physical Disability; 5) Unlawful Discrimination & Discharge; 6) Wrongful Discrimination & Retaliation; 7) Whistleblower Retaliation; and 8) Wrongful Termination

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 15, 2026

Robert J. Prata
Type or print name

/s/ Robert J. Prata
Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JOHN DOE

Case No.: CIVSB2621067

vs.

**CERTIFICATE OF ASSIGNMENT**

NEOVIA LOGISTICS SERVICES, LLC, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the ________________ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

[X] General [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [ ] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20. Other Employment | Causes of action arose in this district |
| [ ] | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Neovia Logistics Services, LLC (performance) — NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR

5491 E. Francis Street — ADDRESS

Ontario — CITY

California — STATE

91761 — ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on July 15, 2026 at Los Angeles, California.

*/s/ Robert J. Prata*
Signature of Attorney/Party

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
sanbernardino.courts.ca.gov
909-708-8678

| Doe -v- Neovia Logistics Services, LLC et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2621067 |

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET
SUITE 1515
LOS ANGELES CA 90071

rprata@pratadaley.com

This case has been assigned to: Lily L Sinfield in Department S31 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 1/19/2027 at 8:30 AM in Department S31 - SBJC

Date: 7/20/2026

By: Gabrielle Rivera
Deputy Clerk

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court of California, County of San Bernardino at the above listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

☐ Enclosing in a sealed envelope and depositing in the mail with postage thereon fully prepaid, at the location shown above, addressed to the interested party as shown above or as shown on the attached listing.

☐ Providing a copy of this notice to the filing party at the counter.

☐ Placing a copy of this notice in the bin located at this office, which is identified as the location for the above law firm's collection of file stamped documents.

☒ Electronically serving a copy of this notice via email to the interested party at the email address provided through eFile or the case file as shown above, in compliance with court procedures and applicable laws.

Date of Mailing: 7/20/2026

I declare under the penalty of perjury that the foregoing is true and correct. Executed on 7/20/2026 at San Bernardino, California.

By: Gabrielle Rivera
Deputy Clerk

# EXHIBIT C

FRANK C. OLAH, CA Bar No. 247843
frank.olah@ogletree.com
CARLA S. ESPINOZA, CA Bar No. 327523
carla.espinoza@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
NEOVIA LOGISTICS SERVICES, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>vs.<br><br>NEOVIA LOGISTICS SERVICES, LLC and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. CIVSB2621067<br><br>**DEFENDANT NEOVIA LOGISTICS SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Lily L. Sinfield, Dept. S31-SBJC]<br><br>Action Filed: July 15, 2026<br>Trial Date: None |

Defendant NEOVIA LOGISTICS SERVICES, LLC ("Defendant") hereby responds to the unverified initial Complaint ("Complaint") filed by Plaintiff JOHN DOE ("Plaintiff") as follows:

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of *California Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Arbitration)**

This Court lacks jurisdiction over the Complaint and each purported cause of action alleged in that Complaint because those causes of action are subject to mandatory and binding arbitration under an arbitration agreement that Plaintiff entered into with Defendant. That arbitration agreement requires that Plaintiff arbitrate the causes of action alleged in the Complaint against Defendant. Under applicable and governing aw, including, without limitation, the Federal Arbitration Act, Plaintiff is barred from prosecuting his causes of action in this or any other court. Defendant reserves the right to compel Plaintiff's claims to arbitration.

### THIRD AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

**(Appropriate Remedial Action Taken by Employer)**

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's Complaints.

**FIFTH AFFIRMATIVE DEFENSE**

**(Business Necessity)**

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

**SIXTH AFFIRMATIVE DEFENSE**

**(Employer Lacked Knowledge)**

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated against.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

**TENTH AFFIRMATIVE DEFENSE**

**(Good Faith but Mistaken Belief)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's

alleged actions were justified by its good faith but mistaken belief.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Authorization or Ratification)**

Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Discriminatory or Retaliatory Intent-Legitimate Nondiscriminatory Reason)**

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory or retaliatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory and/or nonretaliatory reason.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Not a Contributing Factor)**

The Complaint, and each and every cause of action alleged therein, is barred because Plaintiff's purported and alleged protected activity under the provision of the California Labor Code was not a contributing factor to the adverse employment action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Same Decision as to 1102.5 Claim)**

Plaintiff's claim under Labor Code Section 1102.5 is limited and/or barred as there is clear and convincing evidence that Plaintiff would have been terminated for legitimate, independent reasons even if Plaintiff had not engaged in activities protected by Section 1102.5.

/ / /

/ / /

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages Against Corporate Defendant)**

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Not a Substantial Motivating Reason)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff is Not a Qualified Individual with a Disability)**

The Complaint and each purported cause of action therein are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, *et seq.*

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Same Decision Limits Remedies)**

The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

/ / /

/ / /

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and Professions Code section 17208.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Unconstitutionality of Penalties)**

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5, and IWC Order No. 12-2000, and any award of such penalties or damages would, in general or under the facts of Plaintiff's particular claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation)**

The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

/ / /

/ / /

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Employment Relationship)**

The Complaint, and each cause of action alleged therein, fails because Defendant did not employ Plaintiff.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Pre-existing Injuries)**

To the extent Plaintiff suffered any symptoms of mental, emotional, or physical injury, they were the result of pre-existing conditions or alternative causes, and not the result of any act or omission of Defendants.

**TWENTY-EIGTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

The Complaint, and each and every cause of action alleged therein, is barred or reduced by the comparative fault of Plaintiff or a third party.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(At Will)**

The causes of action stated in the Complaint are barred, in whole or in part, because Plaintiff's employment status was for no specific term and therefore terminable at-will pursuant to *California Labor Code* section 2922.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Bona Fide Occupational Qualification)**

Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based on bona fide business necessity and based upon bona fide occupational qualifications.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Engage in the Interactive Process)**

Defendant is informed and believe and thereon allege that Plaintiff's purported causes of action are barred, in whole or in part, to the extent he failed to cooperate or participate in the interactive process.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Legitimate Business Reasons)**

Defendant alleges that any adverse employment action, if any, involving Plaintiff, was based solely on legitimate, good-faith, non-retaliatory, business reasons, which were neither arbitrary, capricious nor unlawful.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

Assuming, arguendo, that there was a violation of the Fair Employment and Housing Act and/or other violation of law, the Complaint is barred because even without any said impermissible factor, all actions taken herein still would have been taken due to legitimate, nonprohibited, and/or independent reason(s). Defendant raises the "mixed-motive" defense.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Offset)**

To the extent Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant denies, then Defendant is entitled to an offset to the extent that Plaintiff received income from other sources, including Workers' Compensation, or alternative and/or subsequent employment.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

Plaintiff's prayer for damages regarding each cause of action stated in the Complaint are barred by the doctrine of avoidable consequences, as set forth in State Department of Health Services v. Superior Court (McGinnis) (2003) 31 Cal.4th 1026, on the grounds that Plaintiff unreasonably failed to make use of Defendants' anti-discrimination, anti-harassment, and antiretaliation procedures by failing to timely and properly report any alleged discrimination or other unlawful behavior and Plaintiff's damages would have been avoided in whole or in part by reasonable use of these procedures.

/ / /

/ / /

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Matters Not Within Scope of CRD/EEOC Charge)**

To the extent that the causes of action brought under the FEHA contain allegations regarding matters that were not reasonably within the scope of any complaint or charge Plaintiff allegedly filed with the California Civil Rights Department (formerly known as "Department of Fair Employment and Housing") and/or the Equal Employment Opportunity Commission, they are barred.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

Defendant alleges that Plaintiff, by his own acts and/or omissions, is barred by the doctrine of consent.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Qualify for CFRA)**

Defendant alleges that Plaintiff's cause of action for interference and/or retaliation under CFRA fails because Plaintiff did not qualify for CFRA protection during the relevant time period.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Failure to Seek Court Permission to Proceed as John Doe)**

Plaintiff conditionally filed his Complaint as John Doe, yet has failed to file the required motion seeking the Court's permission to proceed as Doe rather than his true name and identify, pursuant to DFEH v. Superior Court (2022) 82 Cal.App.5th 105.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims

and claims for costs, and upon the development of other pertinent information.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery, when and if the same have been ascertained.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;
3. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and
4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED: October 5, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: Carla Espinoza
Frank C. Olah
Carla S. Espinoza

Attorneys for Defendant
NEOVIA LOGISTICS SERVICES, LLC

**PROOF OF SERVICE**
*John Doe v. Neovia Logistics Services, LLC, et al.*
Case No. CIVSB2621067

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

On October 5, 2026, I served the following document(s):

DEFENDANT NEOVIA LOGISTICS SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Robert J. Prata, Esq.
John F. Morning, Esq.
PRATA & DALEY LLP
515 South Figueroa Street, Suite 1515
Los Angeles, CA 90071
Telephone: (213) 622-5600
Facsimile: (213) 622-5623
Email: rprata@pratadaley.com
jmorning@pratadaley.com

Attorneys for Plaintiff John Doe

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 5, 2026, at Los Angeles, California.

| | |
|---|---|
| Joanna Madera | */s/ Joanna Madera* |
| Type or Print Name | Signature |